CITED *in Sheldon* v. *Dunlap*, 1 *Har.* 245.

[10] DEN, EX DEM., GASTON v. MASON.

1. When subscribing witness declares he does not recollect seeing the instrument executed, but presumes it must have been regular, or otherwise he should not have signed it, not sufficient evidence of execution to entitle the deed to go to the jury.

2. This decision reversed. See note.

Trial at bar.

This was an action of ejectment. The defendant, Robert Mason, claimed title to the lands in controversy, under a deed dated 2d March, 1773, which purported to have been executed by one Patrick Neale and James Gaston, to Mason. The name of Neale, however, one of the parties to the instrument, appeared to be obliterated with ink. One Gravat, a subscribing witness, swore " he could not recollect that Neale

executed the conveyance, but believed his name must have been to the instrument when he became a witness, for that he would not have witnessed it if it had not been there." It appeared that Mason was in possession of the property in dispute at the date of the deed, and for two years preceding it, and ever since, and that no opposition had been made to his title, and no claim set up by Gaston, until four or five years after the death of Neale. The counsel for the plaintiff objected to the admission of the deed in evidence. They said there was no proof of the execution of the instrument by Neale, and without such evidence it must be wholly inoperative, (2 *Root.* 300 *accord*)—that the rasure of Neale's name from the instrument must be imputed to defendant himself, in whose custody the deed was, unless he could fully account for the fact, which was not attempted. All rasures and interlineations of deeds laid them open to serious objections, and those in whose custody they have been must show how and when they occurred. 1 *Dall.* 67, *accord.*

SMITH and CHETWOOD, Justices, were of this opinion, and overruled the evidence.

KINSEY, C. J., *contra.*

Considered the instrument as sufficiently authenticated to go to the jury. Gravat's testimony proves the deed was once executed by Neale, for he explicitly declares he should not have subscribed his name as a witness if Neale's name [11] had then been obliterated. It is an important feature also in the case, that the possession has gone with the deed, and that the lessor of the plaintiff lay by until long after the death of Neale. It is, therefore, a matter for the decision of the jury, whether this obliteration has occurred accidentally and without the privity of defendant, or whether it was fraudulent and sufficient to vitiate the instrument.

Evidence overruled.

NOTE.—A bill of exceptions was tendered to the opinion of the court, and the cause carried by writ of error to the high Court of Errors and Appeals, where, in November Term, 1792, the judgment of the Supreme Court was reversed *und voce.* The evidence of the execution of the deed in this case, was similar to that offered in the case of *Pigot* v. *Holloway*, 1 *Binney* 436, to prove a warrant of attorney. The court unanimously admitted the instrument.

CITED *in Patterson* v. *Tucker*, 4 *Hal.* 333.